


$406

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BONNIE K. PAULSEN<br>94 David Road<br>Doylestown, PA  18901<br>    Plaintiff<br><br>v.<br><br>UNITED STATES POSTAL SERVICE<br>8 Atkinson Drive<br>Doylestown, PA  18901<br>    Defendant | COMPLAINT AND ARBITRATION DEMAND<br><br>NO.:  20  1180 |

### CIVIL ACTION COMPLAINT

1. Plaintiff, Bonnie K. Paulsen is an adult individual and citizen and resident of the Commonwealth of Pennsylvania, residing at 94 David Road, Doylestown, Pennsylvania.

2. Defendant, United States Postal Service is a federal governmental agency, operating numerous post offices, including the post office which was the site of the incident from which this action arises, located at 8 Atkinson Drive, Doylestown, Pennsylvania (hereinafter, the "Premises").

3. On or about October 23, 2017, Plaintiff, Bonnie K. Paulsen, was a business invitee at the Premises that was owned, leased, possessed, controlled, supervised, managed and/or maintained by Defendant, when she tripped upon a floor mat which was raised and/or buckled in the vestibule area near the entryway to the post office, causing her to fall forward and resulting in bodily injuries more particularly sustained hereinafter.

4. At all relevant times, the Defendant had exclusive control over the Premises, including control over placement and maintenance of the floor mat in question, which was permitted to remain in an unreasonably dangerous condition, despite the likelihood that entering business invitees might not see the buckled and/or raised condition of the floor mat, which thereby created a tripping hazard and a trap for the unwary, in a location which would foreseeably be traversed by business invites such as the plaintiff on a constant basis throughout the course of the post office's operating hours.

5. At all times relevant hereto, Defendant, by and through its agents, servants workmen and/or employees, had actual and/or constructive notice of the buckled and/or raised floor mat located in the vestibule area, in that there was adequate time and opportunity to recognize the tripping hazard it presented, but Defendant failed to warn the Plaintiff or re-set the mat so as to eliminate the tripping hazard it presented.

6. In the alternative Defendant's agents, servants, workmen and/or employees set the mat down improperly, failing to ensure that it laid flat, and thereby created the hazard, which alleviates the necessity of plaintiff establishing actual or constructive notice as the same is presumed due to the Defendant's creation of a tripping hazard.

    (h)    failing to inspect and/or negligently inspecting the area in question;

    (i)    failing to inspect and/or negligently inspecting the mat(s) used in the premises;

    (j)    failing to maintain and/or negligently maintaining the mat(s) used in the premises;

    (k)    in being otherwise careless and negligent in fact and at law, as may be ascertained during the pendency of this case, to the extent that such negligent acts and omissions are consistent with and do not materially vary from the specifically articulated acts and/or omissions set forth above.

9. As a direct result of the aforesaid negligence and carelessness of the Defendant, Plaintiff, Bonnie K. Paulsen, suffered serious and painful injuries, including but not limited to: contusions to her right elbow and shoulder and strain and sprain of her lower back, damage to her bones, cells, muscles, tissues and her nervous system, some or all of which may be permanent in nature.

10. As a further result, Plaintiff has suffered such other injuries as might be discovered during the pendency of this case.

11. As a further result of the incident, Plaintiff has been forced to expend various and diverse sums of money for medical treatment and care in an effort to treat and cure her injuries and ills, and may be required to continue to do so in the future.

12. As a further result of this incident, Plaintiff has suffered and may in the future suffer mental anguish, embarrassment, humiliation, emotional suffering and other non-economic losses.

13. As a further result, Plaintiff has suffered an interference with her usual duties, chores, life's pleasures and opportunities and may continue to suffer such interference in the future.

14. Plaintiff in no manner contributed to her injuries which result from the direct negligence of Defendant, and not from any act or failure to act on the part of Plaintiff.

15. Prior to filing this action, plaintiff provided timely and adequate notice of her claim to the government on August 16, 2019, and was advised, by letter dated August 19, 2019, that the government had until six (6) months from August 16, 2019 to respond to the claim.

16. February 16, 2020 marked the end of the government's six-month administrative claims period, and the government has failed to either accept or deny the claim, resulting in the claim being "deemed" denied, and allowing plaintiff to thereby commence this action.

WHEREFORE, Plaintiff, BONNIE K. PAULSEN demands judgment against Defendant, UNITED STATES POSTAL SERVICE, in an amount not in excess of Seventy Five Thousand ($75,000.00) Dollars, plus interest, costs of suit and delay damages.

FLAGER AND ASSOCIATES, P.C.

BY: /s/ Michael S. Levin
MICHAEL S. LEVIN
Flager & Associates, P.C.
1210 Northbrook Drive, Suite 280
Trevose, PA 19053
(215) 953-5200
michael@flagerlaw.com
Attorney for Plaintiff

## VERIFICATION BASED UPON PERSONAL KNOWLEDGE AND INFORMATION SUPPLIED BY COUNSEL

I, Bonnie Paulson, verify that I am the Plaintiff in the foregoing action and that the attached Complaint is based upon the information which has been gathered by my counsel in preparation of this lawsuit. The language of the Complaint is that of counsel. I have read the Complaint, and to the extent that it is based upon information which I have given to my counsel, it is true and correct to the best of my knowledge, information and belief. To the extent that the contents of the Complaint are that of counsel, I have relied upon counsel in making this Verification.

I understand that intentional false statements herein are made subject to the penalties of 18 Pa. C.S. A. §4904 relating to unsworn falsifications made to authorities.

*Bonnie K. Paulson*

02/24/2020
DATED

JS 44 (Rev. 02/19)

# CIVIL COVER SHEET

20-cv-1180

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
BONNIE K. PAULSEN

**(b)** County of Residence of First Listed Plaintiff: Bucks
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Michael S. Levin, Flager & Associates, PC
1210 Northbrook Drive, Suite 280, Trevose, PA 19053
(215) 953-5200

## DEFENDANTS
UNITED STATES POSTAL SERVICE

County of Residence of First Listed Defendant: Bucks
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- ☐ 1 U.S. Government Plaintiff
- ☒ 2 U.S. Government Defendant
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☒ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☒ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Federal Tort Claims Act, 28 U.S.C. 1346, 2679

Brief description of cause:
Premises liability claim against United States Postal Service

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
**DEMAND $**
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 02/26/2020
SIGNATURE OF ATTORNEY OF RECORD: /s/ Michael S. Levin, Esquire

MAR - 2 2020

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 94 David Road, Doylestown, PA  18901

Address of Defendant: 8 Atkinson Drive, Doylestown, PA  18901

Place of Accident, Incident or Transaction: 8 Atkinson Drive, Doylestown, PA  18901

---

**RELATED CASE, IF ANY:**

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☑

I certify that, to my knowledge, the within case ☐ is / ☐ is not  related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 02/26/2020                    _____              78463
                                    *Attorney-at-Law / Pro Se Plaintiff*        *Attorney I.D. # (if applicable)*

---

**CIVIL:** *(Place a √ in one category only)*

A.  *Federal Question Cases:*
  1. Indemnity Contract, Marine Contract, and All Other Contracts
  2. FELA
  3. Jones Act-Personal Injury
  4. Antitrust
  5. Patent
  6. Labor-Management Relations
  7. Civil Rights
  8. Habeas Corpus
  9. Securities Act(s) Cases
  10. Social Security Review Cases
  11. All other Federal Question Cases
      *(Please specify):* _____Federal Tort Claims Act_____

B.  *Diversity Jurisdiction Cases:*
  1. Insurance Contract and Other Contracts
  2. Airplane Personal Injury
  3. Assault, Defamation
  4. Marine Personal Injury
  5. Motor Vehicle Personal Injury
  6. ☑ Other Personal Injury *(Please specify):* **Premises liability**
  7. Products Liability
  8. Products Liability – Asbestos
  9. All other Diversity Cases
      *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____, counsel of record *or* pro se plaintiff, do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: _____      _____              _____
                                   *Attorney-at-Law / Pro Se Plaintiff*        *Attorney I.D. # (if applicable)*

MAR - 2 2020

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*



IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**CASE MANAGEMENT TRACK DESIGNATION FORM**

v.

CIVIL ACTION

NO. 20 1180

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. (✓)

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. ( )

| 2/26/2020 | Michael S. Levin | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 953-5200 | (215) 953-5214 | michael@flagerlaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02



MAR -2 2020